The next case for argument is Carol-Harris v. DVA 24-2213 Ms. Gaither, when you're ready. Good morning, your honor. First of all, I want to say I count it quite an honor to be in this court today and I want to thank you for that. My argument is that here's how the 2004-2005 EEOC and DOL complaints filed by Ms. Harris, who is the appellant in this case, which was a protected activity, resulted in the non-selection and the removal of Ms. Harris. If you could take a moment and look at Appendix 3. When all is said and done, there remains the issue of, that's in Appendix 3, the DVA's admitted failure to not follow gender versus Department of Defense, which is Federal Circuit 208. They didn't follow the requirements there. And then, they failed to follow the 2009 memorandum, which is in Appendix 6. Sent to all federal agencies, informing them that they were required to follow OPM protocol to pass over preference eligibles of 30% veterans like Ms. Harris, and she was just that in 2012. The DVA should have sent the required pass over documents to OPM and to Ms. Harris. That was never done. So, I understand your argument that they didn't comply with gender, but this is a whistleblower case, and you have to establish that she made a protected disclosure. Yes. And what are you arguing was the protected disclosure? The fact that she did, back in 2000, I believe 2004 and 2005, when she reported the fraudulent dissemination of patient information and documents, and in reporting that whistleblower. How does this relate to the gingery argument you're making now? Because in their dismissal or non-selection and their removal of Ms. Harris, they did not follow the dictates that were set out in gingery, which said that you had to. But that's a different, I'm sorry, I'm having a little hard time following your argument. To the extent we're talking about gingery, you're not challenging her non-selection in any kind of just pure challenge to the non-selection because the Board didn't have jurisdiction over it. You did it as a whistleblower claim. So, are you saying that her non-selection, there's two things going on that I don't understand. Are you saying that their non-selection and gingery violation was motivated by whistleblower retaliation for some other disclosure? Or that her disclosure of the gingery violation led to her removal? No, because I think gingery, I was only taking from gingery the fact that they set forth the OPM requirements. I get it. I could even, you know, I don't know that the government would agree, but I don't know that it mattered if gingery was violated or not. You have to connect up, you're challenging her removal, right? You have to connect up some disclosure she made that the removing officials used her removal as retaliation for making that disclosure. So, can you identify for me the disclosure she made that's protected under the law that you think formed the basis for the retaliation? That would have been, again, going back to 2004, 2005. So, the problem with that one is, didn't the board find that the people surrounding the 2014 removal, because that was 10 years later, had no knowledge whatsoever of that disclosure? Well, there is, could be an argument that they did have knowledge. Pamela Reeves, one of the people who testified and one of the people who the ALJ used to come up with the position, that position had been around the VA for more than a 10-year period. But the board didn't agree with that factual conclusion, right? The board found that neither Ms. Werner or Ms. Reeves knew about that 2004, 2005 IG complaint. Right? That's what they found.  That's a factual conclusion. And we only review that for substantial evidence. Well, Ms. Pamela Reeves said in the testimony you're referring to that she would get the EEOC and the DOL, I believe, complaints. She got them. They ran across her desk. She did see Ms. Harris's name there. And... But you're asking us to draw a different factual conclusion than the board, and the board relied on these two individuals' testimony, direct testimony, that they didn't know anything about the 2004 disclosure. How can we disagree with the board's reliance on testimony when all you say is, well, possibly they might have known on it? Well, I guess it's just the opposite that was taken as true. But we do have the information in our brief that says the opposite of that. So I'm not... But essentially, there are credibility determinations that might have needed to be made here. How would we, on appeal, disagree with that determination? I suppose we would have to do the credibility issue on that. I mean, our precedent makes pretty clear, though, that we are not the court to do credibility determinations. The board is the entity that does the credibility determinations, and they're virtually unreviewable here. Okay. So even though the ALJ did say in making the statement about the failure on the part, the DBA to follow the OPM, that information... Miss... I'm trying to... Let's see. The excuse that was given is a mistaken belief. So you're saying that this court is not equipped to get to that because of Miss Reeves and the other people's testimony, that there was no retaliation in the non-selection and the removal of Miss Harris? I mean, I'm not saying anything. I'm just posing questions to you based upon what our law is. And when you have testimony from individuals and the board judge gets to listen to the testimony and make their determination, how are we to disagree with that when those people aren't here in front of us and saying the same thing and allowing us to assess whether they're credible or not? That's what our precedent says. We just don't do that. We accept the board's determination on that absent really extraordinary circumstances. Well... I don't think there's... I mean, I just don't see anything in the record that suggests those two people were lying. So do you have anything else? Well, just to say that our argument was that the reasoning behind the non-selection and the removal was based on retaliation, and it was willful, and that Miss Harris in all this time has sat for 10 years, and that she should have been compensated. She should have received back pay where... What is your best evidence? If you point me to a JA page, the deciding officials were aware of the 2004 to 2005 whistleblower. Looks like your very best evidence in that regard. Well, I had, again, I had Appendix 3 and Appendix 6. Appendix 3, I believe, said... And this is to your blue brief that you're talking about, Appendix 3 and Appendix 6? Yeah. Appendix 3 is the Department of Labor complaint, right? Let's see. Let me find it. Let me find it just a moment here. Okay. Now, it is, Your Honor, it is the Department of Labor letter, but it implies that there was a consortium of people involved in this dismissal. But for the record, if we go down to... And this is from, let's see here, I think a Mr. Bixler. He said, I need to let you know we found the claim to be meritorious based on the Circuit Court of Appeals filing on gingery and OPM's memorandum dated February 9, 2009. Ms. Harris should have been notified of the passover. Due to this finding, she may be entitled to back wages from the date the individual who was chosen over her was hired. What does this have to do with the removal and the whistleblower claim? With the removal and the non-selection? No. You can't, you're not here to challenge the non-selection. We don't have jurisdiction over that. You're here on a whistleblower claim saying a removal was in retaliation for whistleblower. What does any of this have to do with that? I thought there was a connection between the whistleblower act going back to 2004 and 5. Well, that's what I'm asking you. How does this 2013 report on a gingery violation have anything to do with 2004 on its face? It's like it's not the years, Your Honor. It's just the fact that this agency contrived. Okay. I'm sorry. No, finish your thought. This agency contrived the removal and the non-selection of Ms. Harris, really back then when she made the whistleblowing action. Okay. I think we have your argument. You're into your rebuttal. Would you like to save it? Yes. Thank you. Mr. Lewis. Thank you. Good morning. May it please the Court. The Court should affirm the final decision of the Merit Systems Protection Board, where an appellant chose to pursue a whistleblower retaliation claim, but has failed to meet a burden to connect any adverse agency action with any of her alleged whistleblowing. I think that the Court correctly honed in on difficulties that the appellant has had with connecting this whistleblowing to any of the allegations in the brief where the argument is presented. And thus, I am happy to answer any questions that the Court may have. I mean, there's some underlying things here that I want to make sure I understand. We're looking at this Department of Labor complaint, and I don't see it how it connects up to the 2004 OIG report, which the Board did find was the disclosure. Can you explain why the DOL report was, in itself, a disclosure? Why it was not in itself a disclosure? Why it doesn't constitute a protected disclosure. I mean, she is complaining about being passed over in violation of some veterans preference laws, I think. If you were to look at this particular whistleblower allegation, she's complaining that the law was violated in not selecting her during the same time period for this position. And at the end of the day, she's just challenging a personal grievance rather than any of the sort of five USC 2302 standards, violation of law. What about, well, I don't know that that's what I asked. I think I asked, why isn't the report to the Department of Labor where she said I was unlawfully passed over an allegation of a violation of a law, rule, or regulation? Why doesn't that document in Article 3 constitute a protected disclosure? In our position, it just doesn't rise to the level of the type of challenge to the whistleblower under the whistleblower statute. I'm not sure I may be missing your question. If you're either missing my question or you're not giving me a very good answer. I mean, I think if it was reported to the right person in the right form that the agency is violating a statute, it doesn't make any difference as to whether it's just with regard to an individual as opposed to all together, does it? The whole point of the Whistleblower Act is if you think something's going on wrong, you report it. If it's a protected disclosure, then you go forth with the rest of the process. So when she reported to the Department of Labor that the agency didn't use the proper passover procedures, isn't that a report of a violation of law, rule, or regulation? And, I mean, on some level, I agree you're on it. But there is some probably line drawing exercise here where to the extent that there's not a line drawing exercise, I think your response probably should be that DOL reports have been held not to be protected by 2302b8 or the portion of b9 that constitutes a protected disclosure. And that was going to be actually my second sentence because just last night. It seems like it should have been your first sentence. Just last night, I looked through some of the recent cases in the past year or so that this court has decided. And I believe I've got two within the past year or so. Abud Ali, the Ameri-Systems Protections Board, which is at 127 Federal 4373. And Courtney, the Ameri-Systems Protection Board, which is under the federal appendix, but at 2025 Westlaw 3043499. That essentially comes to that same conclusion, which is just these types of Department of Personal Allegations are not whistleblower allegations underneath 5 U.S.C. section 2302. And on the one protected disclosure that the board did find, which was the IG complaint, which I think the government doesn't dispute is a protected disclosure. No, we do not dispute that the 2004-2005 OIG complaint was a protected disclosure. Just that the appellant has failed to tie that protected disclosure to any of these subsequent adverse actions. Because the agency officials didn't know about it. Agency officials didn't know about it. One of the agents, Ms. Reeve, wasn't even working in the role that she subsequently would have been. And just the extenuated period of time, this type of information tends to be removed following five years. It's just not within their knowledge when they determine to pass over the agency, pass over the appellant for the job opportunity. Ms. Gaither, you have about two and a half minutes left. Just want to, again, attempt to humbly say that the DOL complaint was a valid violation of, what is it, 2302B whatever. And that's all I'm going to say at this point. Thank you. Thank you. Thank you, counsel. The case is submitted.